UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

RONALD C. JOHNSON, )
)
        Plaintiff, )
)
    v. ) No. 1:19-cv-01669-TWP-MPB
)
DOUGLAS LONG, et al. )
)
        Defendants. )

**Entry Screening Complaint, Dismissing Insufficient Claims,
and Directing Service of Process**

### I. Screening Standard

Ronald Johnson is currently incarcerated at Pendleton Correctional Facility. Dkt. 2. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II. Plaintiff's Complaint

Mr. Johnson brings this action under 42 U.S.C. § 1983, alleging violations of his constitutional rights. He names four defendants: (1) Douglas Long, regional agent for Wexford of Indiana, LLC ("Wexford"); (2) Dr. Paul A. Talbot, a doctor at PCF; (3) Michelle LaFlowers, the hospital administrator at PCF; and (4) Dr. William VanNess, the chief medical officer for the Indiana Department of Correction. He sues each defendant in his or her individual and official capacity and requests injunctive relief and monetary damages.

Mr. Johnson alleges that he has had an inguinal hernia for ten years and has been seeking treatment for it for about three years. He has complained about this hernia to Dr. Talbot and Mrs. LaFlowers, but they have refused to adequately treat his hernia. He alleges that Dr. Talbot and Mrs. LaFlowers refused to treat his hernia because he filed three grievances against Dr. Talbot.

Although Mr. Johnson also alleges that Nurse Practitioner Murage has refused to treat his hernia and that Wexford has a policy or practice of refusing to provide adequate medical care, he has not named them as defendants.

Mr. Johnson has written letters to both Mr. Long and Dr. VanNess about Dr. Talbot's and Mrs. LaFlowers's refusals to treat his inguinal hernia. He has received no responses to these letters, and he alleges that both Mr. Long and Dr. VanNess have failed to act, resulting in the denial of treatment.

## III. Analysis

Applying the screening standard to the allegations in Mr. Johnson's complaint, some claims are dismissed while others shall proceed.

### A. Claims that are dismissed

"Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation. . . . A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")). Mere "knowledge of a subordinate's misconduct is not enough for liability." *Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012) (en banc). Indeed, "inaction following receipt of a complaint about someone else's conduct is [insufficient]." *Estate of Miller by Chassie v. Marberry*, 847 F. 3d 425, 428 (7th Cir. 2017); *see Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("[The plaintiff's] view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor . . . and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right.").

Under this precedent, Mr. Johnson's allegations that his constitutional rights were violated because Mr. Long and Dr. VanNess failed to act after receiving letters are insufficient. These claims are **dismissed** for failure to state a claim upon which relief may be granted.

### B. Claims that shall proceed

Mr. Johnson's Eighth Amendment deliberate indifference to a serious medical need claims against Dr. Talbot and Mrs. LaFlowers **shall proceed**.

His First Amendment retaliation claims against Dr. Talbot and Mrs. LaFlowers **shall proceed**.

### IV. Issuance and Service of Process

The clerk **is directed**, pursuant to Federal Rule of Civil Procedure 4(c), to issue process to the following defendants: (1) Dr. Paul Talbot and (2) Michelle LaFlowers. Process shall consist of the complaint filed April 25, 2019 (dkt. 2), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

### V. Summary

Mr. Johnson's Eighth Amendment deliberate indifference to a serious medical need claims against Dr. Talbot and Mrs. LaFlowers **shall proceed**. His First Amendment retaliation claims against Dr. Talbot and Mrs. LaFlowers **shall proceed**. His claims against Mr. Long and Dr. VanNess are **dismissed** for failure to state a claim.

The **clerk is directed** to terminate Mr. Long and Dr. VanNess as defendants on the docket.

This summary includes all of the viable claims identified by the Court in the complaint. If Mr. Johnson believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through July 24, 2019,** in which to identify those claims.

**IT IS SO ORDERED.**

Date: 6/24/2019

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RONALD C. JOHNSON
24998
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

DR. PAUL A. TALBOT
Medical Staff
PENDLETON CORRECTIONAL FACILITY
4490 W. Reformatory Road
Pendleton, IN 46064

MICHELLE LAFLOWERS
Hospital Administrator
PENDLETON CORRECTIONAL FACILITY
4490 W. Reformatory Road
Pendleton, IN 46064

Courtesy Copy to:

Douglass Bitner
Katz, Korin, Cunningham, P.C.
The Emelie Building
334 N. Senate Avenue
Indianapolis, IN 46204-1708